UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
THE PHOENIX INSURANCE COMPANY       )
and PDS ENGINEERING AND             )
CONSTRUCTION, INC.,                 )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )    C.A. No. 16-223 S
                                    )
THE CINCINNATI INDEMNITY COMPANY,   )
                                    )
        Defendant.                  )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

I. Background

    This litigation arises out of an incident that occurred at Electric Boat Corporation's property in North Kingstown, Rhode Island, in which an employee of a subcontractor performing work on the property sustained fatal injuries while engaged in his employment duties. The employee's widow initiated a wrongful death action against Electric Boat and PDS Engineering & Construction, Inc. in Washington County Superior Court. PDS had been hired by Electric Boat to make improvements to Electric Boat's property; PDS had subcontracted part of the project to International Door, Inc. (the decedent's employer). International Door held an insurance policy issued by The Cincinnati Indemnity Company, under

which PDS and Electric Boat claim to have been included as additional insureds; Cincinnati Indemnity, however, has refused to defend and indemnify PDS and Electric Boat in the state court litigation.

PDS and its insurer, The Phoenix Insurance Company ("Plaintiffs"), have initiated a separate cause of action in this Court against Cincinnati Indemnity ("Defendant") seeking a declaratory judgment that International Door's insurance policy includes PDS and Electric Boat as additional insureds under International Door's commercial general liability and umbrella liability coverages. Plaintiffs are also alleging that Defendant breached its contractual obligations to them.

Defendant (an Ohio-based company) filed a motion to dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, to transfer the cause of action to the United States District Court for the Eastern District of Michigan. Defendant argued that Michigan would be the proper venue because International Door, its insured, is incorporated in Michigan and the policy was issued in Michigan. Plaintiffs were granted leave to conduct jurisdictional discovery, and Magistrate Judge Lincoln D. Almond held a hearing before issuing a Report & Recommendation. In the R&R, the Magistrate Judge found that the District of Rhode Island has neither general nor specific personal jurisdiction over

Defendant and that this District is therefore an improper venue. Rather than recommending dismissal of the case, however, the Magistrate Judge recommended transferring it to the Eastern District of Michigan, as requested by Defendant. Plaintiffs filed a timely objection to the R&R.

II. Standard of Review

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court reviews de novo any part of an R&R addressing a dispositive motion to which an objection has been properly filed.

III. Discussion

Plaintiffs object to the R&R on the bases that the Magistrate Judge erred by (1) finding no general personal jurisdiction in Rhode Island over Defendant, and (2) recommending transfer of the cause of action to the Eastern District of Michigan as the appropriate disposition of the motion.

A. General jurisdiction

Plaintiffs argue that the Magistrate Judge overlooked the evidence showing that Defendant consented to general personal jurisdiction when it signed the Uniform Consent to Service of Process form in 2007 and again in 2015.[1] Plaintiffs assert that

---

[1] Copies of these forms were included as Exhibit 4 to Plaintiffs' Opposition to the Motion to Dismiss. See ECF No. 15-5.

these forms have the effect of waiving all challenges to personal jurisdiction.  Plaintiffs also argue that, because Defendant has maintained a license to sell insurance in Rhode Island since 2007, it has had sufficient contacts with Rhode Island for this District to exercise jurisdiction over it.

Defendant responds to Plaintiffs' objection with the contentions that the Magistrate Judge squarely addressed Plaintiffs' argument regarding consent and concluded that the Uniform Consent to Service of Process form does not equate to consent to personal jurisdiction in Rhode Island.  Defendant also asserts that Plaintiffs' consent argument is waived because it was raised during oral argument before the Magistrate Judge and not in Plaintiffs' initial memorandum in opposition to Defendant's motion.

Defendant, as a foreign company, was required by statute to designate the insurance commissioner for Rhode Island as an individual upon whom service of process could be served.[2]  The template form states that the "Applicant Company":

> does hereby consent that any lawful action or proceeding against it may be commenced in any court of competent jurisdiction and proper venue within the State(s) so designated; and agrees that any lawful process against it which is served under this appointment shall be of

---

[2] See R.I. Gen. Laws § 27-2-13.

the same legal force and validity as if served on the entity directly.[3]

The form is clearly titled a "Uniform Consent to Service of Process" and is designed to fulfill that purpose in addition to complying with the statutory mandate in § 27-2-13.[4] The form provides that the "Applicant Company's" consent to service of process on the designated state officer shall have the same effect as if service was made directly on the entity, but qualifies its acknowledgement of litigation to a properly initiated cause of action or proceeding with "any court of competent jurisdiction" and "proper venue." This form does not, therefore, include a general consent to personal jurisdiction in every state in which, in compliance with the relevant state statute, a business entity must designate a state officer as lawful receiver of service of process on behalf of the entity.

---

[3] Pl.'s Opp'n to Mot. to Dismiss Ex. 4, ECF No. 15-5.

[4] R.I. Gen. Laws § 27-2-13 states, in pertinent part, that:

No insurance company not incorporated under the authority of this state shall directly or indirectly issue policies, take risks, or transact business in this state until it has first appointed, in writing, the insurance commissioner of this state to be the true and lawful attorney of the company in and for this state, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this state.

5

Moreover, this Court has previously concluded that consent to personal jurisdiction was not established simply because the defendant had registered in Rhode Island for a contractor renovation license and had appointed an agent to receive service of process.[5] The Court refused to "presume that [a] [d]efendant consented to personal jurisdiction where there is no indication that either the Rhode Island legislature, or [the] [d]efendant itself, intended that corporate registration would serve as consent to personal jurisdiction in Rhode Island."[6]

Even though Plaintiffs presented this Uniform Consent to Service of Process form as proof that Defendant had consented to jurisdiction for the first time during oral argument, the Magistrate Judge addressed the argument directly in his R&R: "[Defendant's] license to transact insurance business in Rhode Island and its designation of Rhode Island's Superintendent of Insurance as its agent to accept service of process do not tip the balance in favor of asserting general jurisdiction."[7] The Court agrees. The Uniform Consent to Service of Process form does not

---

[5] Harrington v. C.H. Nickerson & Co., Inc., No. 10-104-ML, 2010 WL 3385034, at *2, *5 (D.R.I. Aug. 25, 2010).

[6] Id. at *4.

[7] R&R 7, ECF No. 18.

demonstrate Defendant's consent to general personal jurisdiction in Rhode Island.

In addition, as the First Circuit has noted, "[c]onstitutional limitations on the exercise of personal jurisdiction over out-of-state defendants are rooted in principles of 'fundamental fairness.'"[8] The First Circuit has also stated that "[c]orporate registration . . . adds some weight to the jurisdictional analysis, but it is not alone sufficient to confer general jurisdiction."[9] As the Magistrate Judge reasoned in his R&R, Defendant's contacts with Rhode Island (obtaining a license to do business, appointing an agent for service of process, and receiving premiums from policies) were "not constitutionally sufficient to establish general jurisdiction and subject [Defendant] to suit in this District on all matters"[10] when these undisputed facts were weighed against the additional undisputed fact that Defendant has no physical presence in the state and the uncontroverted fact that the premiums received from its business in Rhode Island are de minimis when compared to its total

---

[8] Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 32 (1st Cir. 2010) (quoting Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 288 (1st Cir. 1999)).

[9] Id. at 37.

[10] R&R 6.

revenues.[11] The Court therefore adopts the Magistrate Judge's reasoning and conclusion that Plaintiffs have not established Defendant is subject to general personal jurisdiction.

B. Specific personal jurisdiction

The Magistrate Judge also engaged in a thorough analysis of specific jurisdiction and found that the relatedness prong of specific jurisdiction[12] was not met because Defendant

> has very limited contacts with this District, and none of them relate in any way to Plaintiffs' contract claim. . . . [T]here is no evidence that [Defendant] was aware prior to this coverage dispute of the Electric Boat project in issue or the contract between PDS and International Door for work to be performed in this District.[13]

The Magistrate Judge also found that the purposeful availment prong of specific jurisdiction[14] was not met because "[t]here is no evidence of any conduct on [Defendant's] part that would make it reasonably foreseeable for [it] to anticipate being sued in Rhode

---

[11] See Annual Statements, submitted with Defendant's reply memorandum in support of its Motion to Dismiss, ECF No. 16-1.

[12] See Bluetarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 80 (1st Cir. 2013).

[13] R&R 9.

[14] See Bluetarp Fin., 709 F.3d at 82.

8

Island on a claim related to the interpretation of [a] policy" issued to a Michigan entity.[15]

Plaintiffs have not objected to the Magistrate Judge's findings or conclusions with respect to specific jurisdiction. After reviewing Plaintiff's memorandum and materials submitted in support of its opposition to the Motion to Dismiss, the Court adopts the Magistrate Judge's reasoning and accepts the R&R's conclusion that Plaintiffs have failed to establish specific jurisdiction over Defendant in this case.

C. Venue transfer

Defendant's Motion to Dismiss proposed an alternative outcome to dismissing the case for lack of personal jurisdiction and improper venue: transferring the case to the Eastern District of Michigan because "this matter revolves around the interpretation of an insurance policy issued by an Ohio corporation to a Michigan entity . . . and it would be most effective for the interpretation of a Michigan insurance policy to be interpreted in Michigan."[16] Instead of recommending that this case be dismissed for lack of personal jurisdiction and improper venue, Magistrate Judge Almond recommends "that the interests of justice would be better served

---

[15] R&R 10.

[16] Def.'s Mot. to Dismiss 17, ECF No. 8.

by transfer of this action to the Eastern District of Michigan."[17] The Magistrate Judge commented that Defendant's alternative request for transfer of venue was "effectively unopposed" because Plaintiffs did not specifically address this alternative request. Plaintiffs conceded as much in their objection to the R&R.

The Court agrees with Defendant's argument for transferring venue and with the Magistrate Judge that the interests of justice would be better served by transferring this case to the Eastern District of Michigan than by dismissing the case outright, especially because Defendant has requested this transfer and Plaintiffs have not opposed transfer to this venue.[18]

IV. Conclusion

For the reasons stated herein, the Court ACCEPTS the R&R (ECF No. 18) and GRANTS IN PART Defendant's Motion to Dismiss (ECF No. 7). This case shall be transferred to the Eastern District of Michigan.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: July 13, 2017

---

[17] R&R 11.

[18] See 28 U.S.C. § 1406.

10